UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL DOUGLAS WELLS,

        Plaintiff,           CIVIL ACTION NO. 05-CV-70017-DT

vs.

                      DISTRICT JUDGE AVERN COHN

                      MAGISTRATE JUDGE DONALD A. SCHEER

SHERIFF DANIEL J. MINZEY,
DEPUTY SHERIFF WARNER,
DEPUTY SHERIFF WEAVER, and
DEPUTY SHERIFF PARRIS

        Defendants
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  Defendants Motion for Summary Judgment should be GRANTED, and Plaintiff's Motion for Summary Judgment DENIED, as Plaintiff has failed to establish that the Washtenaw County Sheriff's Department was deliberately indifferent to the rights of citizens who came into contact with its deputies.

\*     \*     \*

        Plaintiff, while incarcerated at the Washtenaw County Jail,[1] was allowed to proceed in forma pauperis and filed the

_____

    [1]Plaintiff is still incarcerated at the Washtenaw County Jail in Ann Arbor, Michigan.

instant Complaint, pursuant to 42 U.S.C. § 1983, on January 10,
2005, against Defendant Minzey, the Washtenaw County Sheriff, and
three deputy sheriffs who are employed at the Washtenaw County
Jail.  Plaintiff alleged that upon his admittance to the Washtenaw
County Jail in November 2004, as a pretrial detainee, he was
subjected to conditions of confinement that constituted cruel and
unusual punishment in violation of Eighth Amendment guarantees.
Plaintiff alleged that he was not allowed recreation or family
visits, was given dirty clothing to wear, and was not allowed to go
to the law library. He also claimed that he was subjected to strip
searches and unreasonable searches of his cell.  Plaintiff asserted
that he was not given the opportunity to file grievances with jail
officials in order to complain about his treatment. Claiming
violations of his Eighth Amendment rights, Plaintiff sought
compensatory damages only.  Plaintiff filed a Motion for Summary
Judgment on March 7, 2005, essentially reiterating the allegations
found in his Complaint.

Defendants filed a counter Motion for Summary Judgment on
April 6, 2005, based upon lack of personal involvement, failure to
state a cause of action and qualified immunity. Plaintiff filed a
reply on April 12, 2005, claiming that, since Washtenaw County
Sheriff Minzey was responsible for the operations of the jail

facility and the supervision of the deputies, he should be held liable for his alleged mistreatment while a pre-trial detainee.

SUPERVISORY RESPONSIBILITY

Plaintiff alleged that the Defendant Minzey should be held personally liable because he is the "superintendent of Washtenaw County Jail" and responsible for the "inmates housed at the jail" (Complaint p. 4). The general rule is that to state a claim for monetary damages under § 1983, a claimant must aver some specific, personal wrongdoing on the part of the individual defendant, and theories of vicarious liability or respondent superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976). Defendant Minzey was apparently sued because of his position of authority and administrative responsibilities within the jail. However, the mere fact that a supervisory person is in a position of authority does not allow imposition of liability against him or her. A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988). Defendant Minzey was merely part of the jail administration and there is no allegation

3

that any "policy" personally promulgated by him had anything to do with Plaintiff's treatment. Moreover, Plaintiff has not alleged that Minzey had "actual knowledge of a breakdown in the proper workings of the department."  See <u>Hill v. Marshall</u>, 962 F.2d 1209, 1213 (6th Cir. 1992).   Defendant Minzey may not be held liable absent allegations that he was personally or directly involved in alleged wrongful conduct. Consequently, the claim against Defendant Minzey should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment.


OFFICIAL CAPACITY SUITS

Plaintiff sued Defendant Minzey and the three deputy sheriffs in their official capacities only (Complaint p. 1). "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Monell v. Dep't of Soc. Serv. of City of New York</u>, 436 U.S. 658, 691 (1978). To succeed on his <u>Monell</u> claim, Plaintiff must prove that the Washtenaw County Sheriff's Department was deliberately indifferent to the rights of citizens who came into contact with deputies. <u>Stemler v. City of Florence</u>, 126 F.3d 856, 865 (6th Cir. 1997). Plaintiff must show prior instances of

4

unconstitutional conduct demonstrating that the County has ignored

a history of abuse and was clearly on notice that the training in

this particular area was deficient and likely to cause injury. See

id.; Berry v. City of Detroit, 25 F.3d 1342, 1354 (6th Cir. 1994)

(citing City of Canton v. Harris, 489 U.S. 378 (1989)). "Deliberate

indifference is a stringent standard of fault, requiring proof that

a municipal actor disregarded a known or obvious consequence of his

action." Stemler, 126 F.3d at 865 (citation omitted).

To survive a summary judgment motion brought by the

County Defendants, Plaintiff must demonstrate a genuine issue of

material fact as to whether his injury is the result of a policy or

custom of Washtenaw County. In the instant case, Plaintiff has

failed to produce sufficient evidence that the officers' training

programs were inadequate. In addition, Plaintiff has not shown that

the County knew of prior unconstitutional actions by its employees

and failed to respond. Accordingly, Plaintiff has not introduced

sufficient evidence to demonstrate a genuine issue of material fact

as to whether his injury was the result of an actual policy or

custom of the County Defendants

For all of the foregoing reasons, it is recommended that

Defendant's Motion for Summary Judgment be granted, that of

Plaintiff denied, and the instant case dismissed. Given this

5

recommendation, Plaintiff's Motions for a Default Judgment (Docket #7) and for Preliminary Injunctions (Docket #8 & #22) should also be denied.   The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Cohn's acceptance thereof is waived.


 

 

 

 

 

                                             _____
                                             DONALD A. SCHEER
                                             UNITED STATES MAGISTRATE JUDGE

DATED:  _4/15/05_____


cc:  Honorable Avern Cohn
     Carl Wells
     Cynthia L. Reach

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL DOUGLAS WELLS,

        Plaintiff,           CIVIL ACTION NO. 05-70017

v.                        DISTRICT JUDGE AVERN COHN

SHERIFF DANIEL J. MINZEY,    MAGISTRATE JUDGE DONALD A. SCHEER
et al.,

        Defendants.
_____/

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Report and Recommendation was served upon the attorneys of record or parties appearing in pro per in the above cause by mailing the same to them at their respective address with postage fully prepaid thereon, on this 15th day of April 15, 2005.

> Carl Wells
> #385522
> Washtenaw County Jail
> 2201 Hogback Road
> Ann Arbor, MI 48105
>
> Cynthia L. Reach
> James A. Fink
> 121 W. Washington Street
> Suite 400
> Ann Arbor, MI 48104

FILED
2005 APR 15 P 4:01

Terri L. Hackman, Secretary to
Magistrate Judge Donald A. Scheer