UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL DOUGLAS WELLS,
          Plaintiff,

Case Number: 05-CV-70017

v.

HONORABLE AVERN COHN

SHERIFF DANIEL J. MINZEY,
DEPUTY SHERIFF WARNER,
DEPUTY SHERIFF WEAVER, and
DEPUTY SHERIFF PARRIS,

          Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND
## GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## AND
## DENYING ALL OTHER PENDING MOTIONS AS MOOT

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Carl Douglas Wells is a state prisoner currently housed at the Washtenaw County Jail. He is proceeding pro se and in forma pauperis and filed a complaint against the following defendants: Sheriff Daniel J. Minzey, Deputy Sheriff Warner, Deputy Sheriff Weaver, and Deputy Sheriff Parris claiming that defendants were deliberately indifferent to his rights during his admittance as a pre-trial detainee. The matter was referred to a magistrate judge for all pre-trial proceedings and before whom both parties filed motions for summary judgment. The magistrate judge issued a report and recommendation (MJRR) that defendants' motion be granted and plaintiff's motion be denied.

Before the Court are plaintiff's objections to the MJRR.

II.

The magistrate judge sets forth plaintiff's allegations. Briefly, plaintiff alleges his constitutional rights under the Fourth, Fifth. Sixth, Eighty and Fourteenth Amendment were violated while a pre-trial detainee at the Washtenaw County Jail. His claims against defendant Minzey are based on a denial of access to courts, inadequate clothing and cell conditions. His claims against the other defendants are based on denial of access to counsel and access to phone communications. He cites several examples of such treatment, as noted in the MJRR, including that he was not allowed recreation, attorney or family visits, was not provided with free local and long-distance phone services, and not allowed to go to the law library.

Both parties filed cross motions for summary judgment. Plaintiff seeks summary judgment based on the facts as alleged in the complaint. Defendants seek summary judgment based on lack of personal involvement, failure to state a claim, and qualified immunity. The magistrate judge found that defendant Minzey should be dismissed because plaintiff failed to allege any supervisory responsibility sufficient to state a claim under § 1983. As to the remaining defendants, the magistrate judge found that because they were sued in their official capacities, plaintiff failed to state a claim under § 1983 based on a failure to train or injury as a result of an unconstitutional policy or custom of the Washtenaw County Jail or produce evidence sufficient to survive summary judgment.

III.

The Court reviews a MJRR de novo when objections are made. See Fed. R. Civ. P. 72(b). The Court may "accept, reject, or modify the recommended decision, receive

further evidence, or recommit the matter to the magistrate judge with instructions." Id.

IV.

The Court has reviewed the papers and plaintiff's objections and finds them to be without merit.  Moreover, even if plaintiff had sued defendants in their individual capacities, he still cannot make out a claim for constitutional violations based on the many allegations in his complaint, as explained in defendants' summary judgment brief. The Court agrees with the magistrate judge's findings and conclusions and adopts them as the findings and conclusions of the Court, as supplemented above.  Accordingly, defendants' motion is GRANTED and plaintiff's motion is DENIED.  All other pending motions are DENIED AS MOOT.

SO ORDERED.

Dated: June 09, 2005

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 09, 2005 by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160